UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM HALEY, JR., individually and as the natural guardian of minor E.H,

Plaintiffs,

v.

MONROE COUNTY, MONROE COUNTY FAMILY COURT, MONROE COUNTY SHERIFF'S OFFICE, MONROE COUNTY PUBLIC DEFENDER'S OFFICE, KRISTINE DEMO-VAZQUEZ, LORNA AFFRONTI, AMANDA OREN, and JOHN/JANE DOES 1-20,

Defendants.

---

**DECISION AND ORDER**
**and ORDER TO SHOW CAUSE**

6:25-CV-06675 EAW

Plaintiff William Haley, Jr. ("Plaintiff"), on behalf of himself and his minor child E.H., commenced this action on November 14, 2025, in the Southern District of New York. (Dkt. 1). On November 18, 2025, the case was transferred to the Western District of New York. (Dkt. 7).

Presently before the Court is Plaintiff's motion for recusal, arguing that the undersigned's impartiality is questioned. (Dkt. 10). Also pending is Plaintiff's motion for a temporary restraining order (Dkt. 3) and two motions to proceed in forma pauperis (Dkt. 3; Dkt. 9).

Under 28 U.S.C. § 144, a litigant may seek recusal of a judge if the litigant files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C.

§ 144. "Title 28 U.S.C. § 455(a) requires a judge to recuse [her]self 'in any proceeding in which [her] impartiality might reasonably be questioned.'" *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014) (quoting 28 U.S.C. § 455(a)); *see also Walker v. Cuomo*, No. 9:17-CV-0650 (TJM/DJS), 2018 WL 6380369, at *1 (N.D.N.Y. Dec. 6, 2018) ("Sections 144 and 455 are complementary, and the grounds for disqualification are the same under both statutes."). "Recusal motions are committed to the discretion of the judge who is being asked to recuse [herself]." *Waheed v. SM 1 MMS, LLC*, No. 24 CIV. 6476 (AT) (HJR), 2026 WL 2568682, at *7 (S.D.N.Y. Aug. 31, 2026) (quoting *Weston Cap. Advisors, Inc. v. PT Bank Mutiara Tbk.*, No. 13 Civ. 6945, 2019 WL 6002221, at *2 (S.D.N.Y. Sep. 20, 2019)). "In cases where a judge's impartiality might reasonably be questioned, the issue for consideration is not whether the judge is in fact subjectively impartial, but whether the objective facts suggest impartiality." *Williams v. LaClair*, No. 9:10-CV-635 (GLS/RFT), 2013 WL 1193766, at *3 (N.D.N.Y. Jan. 29, 2013) (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)), *report and recommendation adopted*, No. 9:10-CV-0635, 2013 WL 1193741 (N.D.N.Y. Mar. 22, 2013).

Plaintiff's motion arises from his suspicion that the undersigned has familial, personal, or financial relationships with parties to this case or other judicial officers. Plaintiff's claims are completely speculative and lack foundation. "[W]here an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988).

There is no evidence justifying recusal, nor is there any basis for it. Accordingly, Plaintiff's motion for recusal (Dkt. 10) is denied.

In addition, it appears from a review of the allegations in Plaintiff's complaint that the claims he is pursuing in this case may substantially overlap with or be duplicative of claims he is advancing in the case of *Haley v. Monroe County, et al.*, 6:25-cv-6361.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Wells v. Harper*, No. 9:25-CV-1535 (MAD/DJS), 2026 WL 89965, at *3 (N.D.N.Y. Jan. 13, 2026) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Relatedly, Rule 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). *Carlyle Aviation Mgmt. Ltd. v. Frontier Airlines, Inc.*, 711 F. Supp. 3d 225, 242 (S.D.N.Y. 2024).

In order to preserve judicial resources, <u>Plaintiff is directed to show cause, in writing, within 30 days from the date of this Order, why this Court should not dismiss this case as duplicative of the case *Haley v. Monroe County, et al.*, 6:25-cv-6361, or alternatively, consolidate this case with that matter.</u> If Plaintiff takes the position that the case should not be dismissed or consolidated, he shall set out detailed legal reasons for taking that position. Plaintiff's pending motions for a temporary restraining order and for in forma pauperis are denied without prejudice pending resolution of the matters addressed in this Order to Show Cause.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for recusal (Dkt. 10) is denied. Plaintiff is directed to show cause whether this case should be dismissed as duplicative or consolidated with *Haley v. Monroe County, et al.*, 6:25-cv-6361, within 30 days of the date of this Order. Plaintiff's motion for a temporary restraining order (Dkt. 4) and motions to proceed in forma pauperis (Dkt. 3; Dkt. 9) are denied without prejudice.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 3, 2026
Rochester, New York